UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DOUGLAS BAGWELL,

        Plaintiff,

v.                                    CASE NO. 11-10796
                                    HONORABLE AVERN COHN

COMMUNITY PROGRAMS, INC.,

        Defendant.

_____/

## ORDER OF DISMISSAL

**I.**

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff James Douglas Bagwell says that he is a probationer under the jurisdiction of the Michigan Department of Corrections. On February 28, 2011, when plaintiff filed his complaint, he resided at Community Programs, Inc. (CPI), in Waterford, Michigan. Plaintiff alleges that he was taken to CPI "on rehab," that is, to help him recover from substance abuse.

Plaintiff further alleges that a counselor at CPI informed him that CPI does not provide court-ordered clients with legal assistance, nor permit its clients to seek judicial relief. Plaintiff claims that he is being denied his right of access to the courts, as well as his right to practice his religious beliefs. He seeks unspecified relief from CPI for alleged violations of his constitutional rights. For the reasons stated below, the complaint will be dismissed for failure to state a claim.

## II.

The Court has granted plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009) (citing Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949).

### III.

"[T]he plaintiff in a Section 1983 action bears the burden of pleading and proving that the defendant deprived him of a federal right while acting under color of state or territorial law . . . ." Alexander v. Alexander, 706 F.2d 751, 754 (6th Cir. 1983). Plaintiff, however, has not alleged any facts from which the Court could conclude that CPI is a state actor. Even assuming that CPI receives state funding and/or creates an opportunity for probationers to complete a substance abuse program in lieu of prosecution or serving a sentence, does not necessarily make it a state actor. Mele v. Hill Health Center, et al., 609 F. Supp.2d 248, 257-58 (D. Conn. 2009); accord Smith v. Devline, et al., 239 F. App'x 735 (3d Cir. 2007) (granting summary judgment to a treatment center that helped offenders in the criminal justice system successfully re-enter society, because the plaintiff failed to prove the center and its employees acted under color of state law); Moore v. Broady, et al., No. 10-cv-3250, 2010 WL 3125008, at *5 (E.D. N.Y. Aug. 6, 2010) (concluding that, even if municipal and state facilities regulated transitional housing agencies or contracted with the organizations to provide services to former inmates, those connections would not transform a private organization into a state actor for purposes of § 1983 liability and that providing transitional housing to former inmates under parole supervision was not a function that has traditionally been the exclusive prerogative of the state). The Court therefore concludes that plaintiff cannot make out an essential element of a civil rights complaint.

Furthermore, plaintiff has not specified the relief he seeks, and he recently informed the Court that he has been released from CPI and resides on Covetry Street in Detroit. To the extent that the complaint seeks declaratory or injunctive relief, plaintiff's

claims are moot because he is no longer confined at CPI. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

### IV.

For the reasons stated above, the Court finds that the complaint is frivolous and fails to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

It is further ordered that, because an appeal from this decision would be frivolous and could not be taken in good faith, plaintiff may not proceed in forma pauperis on appeal if he appeals this decision. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 13, 2011

I hereby certify that a copy of the foregoing document was mailed to James Bagwell, 329286, 19459 Coventry, Detroit, MI 48203 on this date, April 13, 2011, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160